LaHOUSSSE v HESS

Docket No. 59338. Submitted October 20, 1982, at Detroit.—Decided April 18, 1983.

Plaintiff, Carolyn Clark LaHousse, was watching her fiancé play softball at a city park when she decided to purchase a Coke from an ice cream truck parked across the street. Taking some change with her, she crossed the road to the truck. When she arrived, plaintiff realized she needed more money and began to recross the street towards her vehicle. Somewhere in the middle of the street an automobile hit her. As a result of the accident, plaintiff suffered a broken clavicle and a fractured left leg. The leg injury required surgery to insert a steel rod in plaintiff's thigh. In addition, plaintiff's leg and buttocks were marred by scars. Plaintiff brought an action against Marilyn Hess, the driver of the car, William Hess, the lessee of the car, Stark Hickey East, the lessor, the car's owner, Ford Motor Company, the driver of the ice cream truck, Anna Maria Fiore, and the truck's owner, Vito Fiore. Plaintiff alleged that she had suffered serious impairment of body function and permanent serious disfigurement. The Fiores settled with the plaintiff before the close of the trial. The jury returned a verdict of $30,000 but found plaintiff to have been one-third negligent. Plaintiff moved for judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied the motion and entered a judgment for $20,000. Plaintiff appealed. *Held:*

1. Plaintiff's appellate relief is limited to a new trial since she failed to move for a directed verdict.

2. The court erred in submitting the question of whether plaintiff suffered serious impairment of body function to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments §§ 130, 142.
    Practice and procedure with respect to motions for judgment notwithstanding or in default of verdict under Federal Civil Procedure Rule 50(b) or like state provisions. 69 ALR2d 449.

[2] 7 Am Jur 2d, Automobile Insurance §§ 25, 358.
    Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[3] 5 Am Jur 2d, Appeal and Error § 776.

jury. Where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function. On the basis of the record the Court of Appeals could not decide whether the error denied plaintiff a fair trial.

3. The jury properly considered the proportion of the Fiores' negligence, not the settlement with the Fiores, in determining damages.

4. The court's instructions on comparative negligence were not improper.

Reversed and remanded.

CYNAR, J., dissented. He would hold that submission of the serious impairment issue to the jury was harmless since the jury found liability because of finding that plaintiff suffered either serious impairment of body function or permanent serious disfigurement, or both. He would affirm.

### OPINION OF THE COURT

1. APPEAL — JUDGMENTS — DIRECTED VERDICT — COURT RULES.

Only a new trial can be granted in response to a successful postjudgment attack upon a verdict in the absence of a previous motion for a directed verdict (GCR 1963, 515.2).

2. INSURANCE — No-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

### DISSENT BY CYNAR, J.

3. NEGLIGENCE — AUTOMOBILES — SERIOUS IMPAIRMENT OF BODY FUNCTION — PERMANENT SERIOUS DISFIGUREMENT — JURY INSTRUCTIONS — APPEAL.

*A trial court's error in submitting the question of serious impairment of body function to the jury is harmless where the plaintiff suffered serious impairment of body function as a*

*matter of law, where the jury found that the plaintiff suffered
serious impairment of body function or permanent serious
disfigurement, and where the instructions on damages were
adequate.*

*Zeff & Zeff* (by *Michael T. Materna*), for plaintiff.

*Erps, Beresh & Prokopp* (by *David G. Sekerak*),
for defendant.

Before: R. M. Maher, P.J., and Bronson and
Cynar, JJ.

Per Curiam. Alleging that she had suffered
serious impairment of body function and perma-
nent serious disfigurement, plaintiff brought suit
for injuries she sustained when she was struck by
an automobile. On August 15, 1975, plaintiff was
watching her fiancé play softball at a city park
when she decided to purchase a Coke from an ice
cream truck parked across the street. Taking some
change with her, she crossed the road to the truck.
When she arrived, plaintiff realized she needed
more money and began to recross the street to-
wards her vehicle. Somewhere in the middle of the
street an automobile hit her.

As a result of the accident, plaintiff suffered a
broken clavicle and a fractured left leg. The leg
injury required surgery to insert a steel rod in
plaintiff's thigh. In addition, plaintiff's leg and
buttocks were marred by scars.

In her lawsuit, plaintiff joined as defendants
Marilyn Hess, the driver of the car, William Hess,
the lessee of the car, Stark Hickey East, the lessor,
and the car's owner, Ford Motor Company. Plain-
tiff also joined as defendants the driver of the ice
cream truck, Anna Maria Fiore, and the truck's
owner, Vito Fiore. The Fiores settled with the
plaintiff before the close of the trial.

The jury returned a verdict of $30,000 but found plaintiff to have been one-third negligent. Plaintiff moved for judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied the motion and entered a judgment for $20,000. Plaintiff appeals by right.

Plaintiff raises four claims of error. We note at the outset that plaintiff's appellate relief is limited to a new trial. Although plaintiff moved in the trial court for a judgment notwithstanding the verdict or new trial, she had not previously brought a motion for directed verdict. Thus, her motion could be treated only as a motion for a new trial. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed, 1982 Cum Supp), p 167. Accordingly, we treat plaintiff's appeal as an application for a new trial only. *Burk v Warren,* 105 Mich App 556, 560; 307 NW2d 89 (1981).

Plaintiff's first two claims of error raise, in fact, only one issue and will be consolidated for discussion. Plaintiff argues, in essence, that the injury to her leg was a serious impairment of a body function as a matter of law and that the question as to whether it constituted such an impairment should not have been submitted to the jury. Michigan's no-fault insurance law drastically restricts tort liability for injuries resulting from automobile accidents. MCL 500.3135; MSA 24.13135 provides:

"A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement."

Thus, a plaintiff can recover in tort only if her injury meets the statute's "threshold" requirement —*i.e.,* only if she has suffered "death, serious

impairment of body function, or permanent serious disfigurement".

The Supreme Court has ruled recently that, under certain circumstances, whether the plaintiff has suffered a serious impairment of body function is a question of law for the court to decide:

> "We hold that when there is no factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function shall be decided as a matter of law by the court. Likewise, if there is a factual dispute as to the nature and extent of a plaintiff's injuries, but the dispute is not material to the determination whether plaintiff has suffered a serious impairment of body function, the court shall rule as a matter of law whether the threshold requirement of MCL 500.3135; MSA 24.13135 has been met." *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982).

Because no factual dispute existed as to the nature and extent of the plaintiff's injuries, whether those injuries constituted a "serious impairment of body function" is a question of law.

An "impairment of body function" is an impairment of an important body function. *Cassidy v McGovern, supra,* p 505. Plaintiff suffered an injury to her left leg interfering with her ability to walk. As the Court said in *Cassidy, supra,* p 505, "[w]alking is an important body function". Moreover, we find that, as a matter of law, plaintiff suffered a serious impairment of her ability to walk. She was hospitalized for five days with her left leg in traction. For three months afterwards, she was unable to move herself about without the aid of a wheelchair, a walker or crutches.

The trial court erred, therefore, by submitting

the "serious impairment" question to the jury.[1] We must decide, however, whether this error deprived plaintiff of a fair trial. If it did, then the trial court abused its discretion by denying plaintiff's motion for a new trial and we may reverse. See *Willett v Ford Motor Co,* 400 Mich 65; 253 NW2d 111 (1977).

The trial court's error denied plaintiff a fair trial only if the jury, in fact, did not find that she suffered a serious impairment of body function. In the absence of such a finding, the jury may have assessed damages for only plaintiff's permanent serious disfigurement.[2] Unfortunately, the record does not reveal the jury's specific factual findings. Indeed, the trial court submitted a verdict form to the jury which failed to ask for the necessary information. The verdict form posed the question: "Did plaintiff sustain serious impairment of body function or permanent serious disfigurement?" The jury's simple "yes" response[3] does not indicate which of three possible factual findings lay behind the verdict. The jury could have found that the plaintiff suffered a serious impairment of body function, a permanent serious disfigurement or

---

[1] The trial court instructed the jury:

"The law in Michigan provides that plaintiff may recover damages in this case if she suffered serious impairment of bodily functions. Based upon the evidence in this case, you must decide whether plaintiff suffered an impairment of a body function; and if so, whether that impairment of the body function was serious * * *."

[2] In *Abraham v Jackson,* 102 Mich App 567; 302 NW2d 235 (1980), for example, the jury found that the plaintiff's injuries did not amount to a serious impairment of body function, but decided that he had suffered a permanent serious disfigurement. The jury went on to award damages for only plaintiff's disfigurement.

[3] The jury answered the court's question affirmatively in its second attempt to return a verdict. In its first attempt, the jury replied in the negative. After polling two jurors, however, the trial court decided that the required number of jurors had not agreed that plaintiff had suffered neither sort of injury. Thus, he sent the jury back for further deliberations.

both. On the basis of this record, an appellate court cannot decide whether the trial court's error in submitting the "serious impairment" question to the jury denied plaintiff a fair trial. Yet we cannot ignore the possibility that the trial court's error had such an effect.[4] Accordingly, we hold that the interests of justice require that we grant plaintiff a new trial.

Plaintiff's final claims of error are without merit[5] and may be discussed briefly. She argues that the jury, in computing her portion of negligence, determined the Fiores' share of the total negligence involved and, thus, improperly considered the settlement. The jury did not state that it assessed the Fiores' share of negligence in computing the plaintiff's share. However, considering their share would not have been improper. Under Michigan's system of "pure" comparative negligence, a plaintiff's "damages are reduced in proportion to the contribution of that person's negligence * * *". *Placek v Sterling Heights,* 405 Mich 638, 661; 275 NW2d 511 (1979), quoting *Kirby v Larson,* 400 Mich 585; 256 NW2d 400 (1977) (opinion of WILLIAMS, J.). To arrive at the plaintiff's share, a jury may compute the proportionate negligence of each tortfeasor and subtract these shares

[4] The record suggests that the jury may have found that plaintiff suffered only permanent serious disfigurement. There was evidence of plaintiff's scarring. In addition, when the jurors were first polled two admitted that they found plaintiff to have suffered only permanent serious disfigurement.

[5] The trial court, however, committed an additional error not raised on appeal. In its instructions, the trial court charged the jury:

"Your verdict will be for the defendant if plaintiff did not suffer an injury which resulted in a serious impairment of bodily function or if the defendant was not negligent or if negligent, such negligence was not a proximate cause of plaintiff's injury."

This was an incorrect statement of the law, for, even if the jury found no serious impairment of body function, their verdict would be for the plaintiff if they found permanent serious disfigurement.

from the total.[6] Thus, the jury in this case may have first determined that defendant Anna Maria Fiore and defendant Marilyn Hess were each one-third negligent and then assigned the remaining third to plaintiff. If they did so, the jury did not consider the *settlement* of the Fiores but rather their share of negligence. This is not improper.

Finally, plaintiff complains that the judge directed the jury to find plaintiff to have been one-third negligent. This claim is without merit. During their deliberations the jury sent a note to the trial court asking: "If we find that the ice cream truck, the pedestrian and the driver of the vehicle are equally responsible, can we assume that the percent of negligence will be 33-1/3 percent each?" The court replied: "Question seven [on the verdict form] states * * * using one hundred percent of the total, combined negligence of the parties which proximately caused the injuries or damage to the plaintiff, what percentage of such negligence is attributable to Carolyn LaHousse? Your answer would be 33-1/3 percent." Although the court might have answered the jury's question more properly with a simple "yes", we cannot say that its response was error. The court's reply conveyed to the jury only that if they found each party equally negligent then they would find plaintiff to have been 33-1/3 percent negligent. This is merely a hypothetical statement and leaves open the critical inquiry: What is the proper percentage of negligence attributable to plaintiff? Consequently, the trial court did not err in its response to the jury.

Reversed and remanded for a new trial consis-

---

[6] This is not to suggest, however, that each defendant is liable only for that portion of *damages* equivalent to his share of negligence. As to whether the liability of joint tortfeasors may be so apportioned, we express no opinion.

tent with this opinion. No costs, neither party having prevailed in full.

Cynar, J. *(dissenting)*. Under the facts of this case, plaintiff could recover for injuries sustained if she suffered serious impairment or disfigurement. As stated in *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), where there is no factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function is a question of law to be decided by the trial court. I agree with the majority that the trial court erred in submitting the serious impairment question to the jury because it was a question for the trial court to decide. If the jury had answered "no" to the question "Did the plaintiff sustain serious impairment of body function or permanent serious disfigurement?", the granting of a new trial would be proper. The jury, however, answered "yes" to the question and thereby crossed the threshold requirement. The crucial question here is whether the jury was adequately instructed on damages.

The trial court instructed the jury that the verdict would be for plaintiff if it found that Carolyn LaHousse suffered an injury which resulted in serious impairment of a body function or permanent serious disfigurement, that defendant was negligent and that such negligence was a proximate cause of plaintiff's injury.

The jury was instructed that, if plaintiff was entitled to damages, the jury was to determine the amount of money which would reasonably, fairly and adequately compensate her for each of the elements of damage which the jury decided resulted from the negligence of defendant, taking into account the nature and extent of the injuries. The jury was to consider at the present time the

elements of physical pain and suffering, mental anguish, fright and shock, denial of social pleasures and enjoyment, embarrassment, humiliation and mortification, and disability, including the impairment of her left leg. The jury was instructed to consider whether the enumerated elements of damage would continue into the future and, if so, to decide how long. If it was decided that the injuries were permanent in nature, then the jury was instructed to decide how long plaintiff is likely to live. The instruction on mortality tables was given.

The jury was instructed that the elements of damages were to be decided based on evidence and not on speculation, guess or conjecture. The award for pain and suffering was up to the sound judgment of the jury. Plaintiff made no objection to the instructions nor to the special verdict form submitted to the jury.

I would affirm.