BURK v WARREN (AFTER REMAND)

Docket No. 74636. Submitted May 9, 1984, at Lansing.—Decided July 31, 1984. Leave to appeal applied for.

Plaintiff, Robert D. Burk, was injured in June, 1976, when his motorcycle collided with a pickup truck owned and operated by defendant, David O. Warren. Plaintiff thereafter brought an action in the Ingham Circuit Court against defendant seeking damages for the personal injuries he sustained. The injuries consistent of a fractured clavicle and numerous bruises and abrasions. The issues of defendant's negligence and serious impairment of body function were submitted to the jury. The jury returned a verdict finding negligence and proximate cause, but no serious impairment of body function. A judgment of no cause of action was entered thereon, Thomas L. Brown, J. Plaintiff appealed to the Court of Appeals which concluded from the trial court record that plaintiff's injury was a serious impairment of a body function as a matter of law. The Court of Appeals reversed and remanded for a new trial consistent with its opinion. 105 Mich App 556 (1981). Defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, modified the Court of Appeals order to remand the case to the trial court, directing the trial court to proceed in conformity with *Cassidy v McGovern*, 415 Mich 483 (1982). 417 Mich 959 (1983). On remand, both parties filed motions for summary judgment. Following argument, the trial court, Thomas L. Brown, J., issued an opinion from the bench, finding as a matter of law that plaintiff's injuries constituted a serious impairment of body function. The court awarded damages of $3,000 plus costs, interest and fees. An order was entered to that effect. Defendant appeals therefrom. After remand, *held:*

1. The Court of Appeals disagrees with the conclusion made

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 349, 358.
  What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault insurance coverage. 33 ALR4th 767.
[3] 7 Am Jur 2d, Automobile Insurance § 23.
[4] 5 Am Jur 2d, Appeal and Error § 744 *et seq.*

by the trial court on the legal issue of serious impairment of body function. The threshold for a serious impairment of body function has not been reached in this case.

2. This panel of the Court of Appeals is not bound by the finding by a prior panel of this Court that there was a serious impairment of body function. The Supreme Court's intervening elucidation of the phrase "serious impairment of body function" has altered the law significantly enough that this appeal is not governed by the previous panel's decision; the law of the case doctrine does not control this panel's approach to the instant case.

Reversed.

1. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

2. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

A serious impairment of body function under the no-fault act is an injury which is serious, which is to an important body function, and which is an objectively manifested injury; the injury need not be permanent to be serious, nevertheless, permanency is relevant to a determination of seriousness (MCL 500.3135[1]; MSA 24.13135[1]).

3. INSURANCE — NO-FAULT ACT.

The basic purpose of the no-fault act is to ensure compensation of persons injured in automobile accidents; another purpose is to ensure that the catastrophically injured victim may recover those damages traditionally allowable in tort; goals of the act are to keep so-called minor personal injury cases out of court and to lower insurance premiums (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

4. APPEAL — LAW OF THE CASE.

A panel of the Court of Appeals is not bound, in an appeal from a circuit court's decision made pursuant to a prior remand order

of the Court of Appeals, by a finding on a matter of law by the prior panel of the Court of Appeals where an intervening Supreme Court decision has significantly altered the law applicable to the matter.

*McKay, Murphy & Guerre, P.C.* (by *Nancy J. McKenney*), for plaintiff.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *C. Mark Hoover* and *Mark A. Bush*), for defendant.

### After Remand

Before: V. J. Brennan, P.J., and R. B. Burns and C. Coleman,* JJ.

Per Curiam. This no-fault case makes its second stop at this Court. Again the issue on appeal is the construction of the phrase "serious impairment of body function". MCL 500.3135(1); MSA 24.13135(1). This Court's decision in this case in 1981 was appealed to the Supreme Court. After issuing its decision in *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), the Supreme Court remanded the case to the circuit court to proceed in the manner outlined in *Cassidy.* The circuit court's grant of plaintiff's motion for summary judgment is the subject of this appeal. Thus, this appeal focuses on whether the trial court properly applied *Cassidy.*

### I

In June, 1976, plaintiff was injured when his motorcycle collided with a pickup truck owned and operated by defendant. A jury trial in Ingham County Circuit Court began on September 17, 1979. The issues of defendant's negligence and

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

serious impairment were submitted to the jury. On September 18, 1979, the jury returned a verdict finding negligence and proximate cause, but no serious impairment of body function. Plaintiff filed a motion for judgment notwithstanding the verdict or new trial, which was denied by the trial court on December 6, 1979. Plaintiff appealed to this Court, which concluded from the trial court record that plaintiff's injury was a serious impairment of a body function as a matter of law:

"Burk's injuries consisted of a fractured clavicle (collarbone) and numerous bruises and abrasions. The fracture was set by a closed reduction and Burk was placed in a brace cast for a period of one month. No untoward complications were present at any time during Burk's convalescence. The principal consequences of the injuries were pain, sleeplessness and greatly impeded physical activity. The latter factor was occasioned largely through the immobility of Burk's arm and shoulder while he was in the brace cast. The physician's prognosis indicates that no permanent damage of any consequence is present." *Burk v Warren,* 105 Mich App 556, 559; 307 NW2d 89 (1981).

This Court reversed the trial court's judgment of no cause of action in favor of defendant and remanded for a new trial consistent with this Court's opinion. Defendant then sought leave to appeal to the Supreme Court. The application was held in abeyance pending the decision in *Cassidy v McGovern, supra.* On April 20, 1983, the Supreme Court, in lieu of granting leave to appeal, modified this Court's order to remand the case to the trial court, directing the trial court to proceed in conformity with *Cassidy.* 417 Mich 959 (1983). Both parties then filed motions for summary judgment. Argument was held on July 27, 1983. On September 16, 1983, the trial judge issued an opinion from

the bench, finding as a matter of law that plaintiff's injuries constituted a serious impairment of body function. The trial judge awarded damages of $3,000 plus costs, interest and fees. An appropriate order was entered on October 12, 1983. Defendant appeals therefrom as of right.

## II

Did the trial court err in finding that plaintiff's injury was a serious impairment of a body function?

Defendant argues that plaintiff's collarbone fracture was not as severe as the injuries suffered by plaintiff in *Cassidy, supra,* that it did not impair an important body function, was not objectively manifested, and that plaintiff suffered no continuing disability.

Plaintiff argues that he suffered an impairment of an important body function in that his right arm was immobilized for four to six weeks, and that, even though not permanent, the injury was serious. He urges that *Cassidy* did not set the minimum requirements for a no-fault threshold. Plaintiff contends that the trial court's decision was not clearly erroneous and that this Court's prior decision (105 Mich App 556) has not been vacated and continues to stand.

In *Cassidy v McGovern, supra,* the Supreme Court held:

> "We hold that when there is no factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function shall be decided as a matter of law by the court. Likewise, if there is a factual dispute as to the nature and extent of a plaintiff's injuries, but the dispute is not material to the determination whether plaintiff has

suffered a serious impairment of body function, the court shall rule as a matter of law whether the threshold requirement of MCL 500.3135; MSA 24.13135 has been met." 415 Mich 502.

After being thrown from an automobile, Leo Cassidy suffered various injuries, including two broken bones in his right leg. He was hospitalized for 18 days. During the next seven months he wore four casts. He used a walker during this period, being unable to use crutches because of dizzy spells. While he had some trouble with his leg, defendant's expert could not explain the continued soreness described by plaintiff and opined that the leg appeared capable of normal activity. In the Supreme Court's opinion, Cassidy had suffered serious impairment of body function:

"We hold that his two broken bones, 18 days of hospitalization, 7 months of wearing casts during which dizzy spells further affected his mobility, and at least a minor residual effect one and one-half years later are sufficiently serious to meet the threshold requirement of serious impairment of body function. In so holding, we conclude that an injury need not be permanent to be serious. Permanency is, nevertheless, relevant. (Two injuries identical except that one is permanent do differ in seriousness.)" 415 Mich 505-506.

This Court has considered *Cassidy* on several occasions. In *LaHousse v Hess*, 125 Mich App 14; 336 NW2d 219 (1983), plaintiff suffered a broken clavicle and left leg. The leg required surgery to insert a steel rod in plaintiff's thigh. Additionally, plaintiff's leg and buttocks were marred by scars. The jury returned a $30,000 verdict, finding plaintiff one-third negligent. Plaintiff moved for judgment notwithstanding the verdict or a new trial. As one claim of error, plaintiff argued that the

serious-impairment question should not have been submitted to the jury. This Court agreed and said:

"An 'impairment of body function' is an impairment of an important body function. *Cassidy v McGovern, supra,* p 505. Plaintiff suffered an injury to her left leg interfering with her ability to walk. As the Court said in *Cassidy, supra,* p 505, '[w]alking is an important body function'. Moreover, we find that, as a matter of law, plaintiff suffered a serious impairment of her ability to walk. She was hospitalized for five days with her left leg in traction. For three months afterwards, she was unable to move herself about without the aid of a wheelchair, a walker or crutches." 125 Mich App 18.

In *McDonald v Oberlin,* 127 Mich App 73; 338 NW2d 725 (1983), the trial court granted summary judgment in favor of defendant on the serious-impairment issue, deciding as a matter of law that plaintiff had suffered no serious impairment of body function. At most, plaintiff complained of pain and discomfort as the result of the injury. Plaintiff was not incapacitated by her discomfort, nor did it interfere with her lifestyle. This Court upheld the trial court's determination.

More recently in *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984), plaintiffs moved for a directed verdict on the serious-impairment issue. The trial judge stated that plaintiff's proofs were sufficient for the threshold, but he sent the issue to the jury. The jury returned a no-cause verdict. Mrs. Williams' sole claim was an injury to the base of her right thumb. Her pain was variously diagnosed as a sprain and tendonitis. Although pain made it difficult for her to perform duties, there were no specific chores which she could not do. Accordingly, this Court concluded that her injuries did not seriously impair any important body functions. 131 Mich App 409.

Mr. Williams complained of shoulder, back and leg pain. No medical abnormalities were found, but examining physicians noted limitations of movement in his shoulder, hips and neck. Mr. Williams testified that he was transferred to another job because he had some difficulty when lifting his left hand over his head and when gripping with his left hand. In holding that Mr. Williams did not achieve the threshold, the Court said:

"Mr. Williams' case for serious impairment of an important body function is much closer than his wife's, but we hold that he too falls short of the threshold. His injuries are not objectively manifested. While his injuries no doubt impaired his ability to work, x-ray results were negative and no neurological disorder was found." *Williams v Payne, supra,* p 411.

Both parties cite *Range v Gorosh, ("Range I"),* 121 Mich App 1; 328 NW2d 128 (1982), decided prior to *Cassidy.* In that case:

"[t]he undisputed evidence established that as a result of the automobile accident, plaintiff, a 60-year-old woman, sustained fractures of the right clavicle, six ribs, and the small toe of the right foot and was hospitalized for four days. Plaintiff's treating physician, Dr. George Moriarity, authorized her to return to her position as a custodian with the Detroit Public Schools on January 31, 1977 [six months after the accident]." 121 Mich App 3.

At the close of proofs, plaintiff moved for directed verdict on the serious-impairment question. The trial court denied the motion, and the jury returned a no-cause verdict. On appeal, plaintiff asserted that the trial court erred in refusing to

grant a directed verdict in her favor. This Court said:

"In light of the language contained in the no-fault act and the Supreme Court's *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441; 208 NW2d 469 (1973), we hold that the injuries incurred here do not constitute a serious impairment of a body function as a matter of law. We do not suggest that injuries flowing from an automobile accident never can amount to a serious impairment of a body function as a matter of law. For instance, permanent blindness or permanent paraplegia are injuries that would not be submitted to the jury on the issue of serious impairment." 121 Mich App 7.

However, the Supreme Court vacated this Court's judgment and remanded *Range I* to the Oakland County Circuit Court for reconsideration in light of *Cassidy.* 417 Mich 1059 (1983). Plaintiff then filed a motion for reconsideration. The trial judge denied the motion, upholding his decision to submit the case to the jury. Plaintiff again appealed to this Court *(Range II),* claiming that the trial judge erred in failing to make a determination as a matter of law. *Range II* is currently pending before another panel of this Court.

As the Supreme Court said in *Cassidy,* the phrase "serious impairment of body function" is not a term "commonly used, for which juries would have a clear sense of the intended meaning". 415 Mich 501. The Supreme Court provided some definitional guidelines for the first time in *Cassidy.*

In making the serious impairment determination in *Williams v Payne, supra,* p 409, this Court noted:

"At this stage in its legal evolution, 'serious impair-

ment of body function' must be decided on a case-by-case basis. *Cassidy v McGovern,* 415 Mich 503. A few standards have developed, though, which will assist the courts. First, 'impairment of body function' actually means 'impairment of *important* body functions'. *Cassidy v McGovern,* 415 Mich 504. Second, by its own terms, the statute requires that any impairment be 'serious'. MCL 500.3135(1); MSA 24.13135(1); *McKendrick v Petrucci,* 71 Mich App 200, 210; 247 NW2d 349 (1976). Third, the section applies only to 'objectively manifested injuries'. *Cassidy v McGovern,* 415 Mich 505." (Emphasis in original.)

Unlike in *Cassidy* and *LaHousse,* the instant plaintiff did not suffer loss of work, because he was not employed at the time, and his injuries appear less serious than those suffered by the plaintiffs in those cases. However, his injuries were more serious than those experienced by the plaintiffs in *McDonald* and *Williams.*

The decision in this case must be made with the objectives of the no-fault act in mind. These goals were discussed at some length in *Cassidy v McGovern,* pp 498-502.

There is no need to repeat the material contained in those pages. However, as set out in this Court's previous opinion in *Burk,* pp 565-566:

"One of its obvious goals is to keep so-called minor personal injury cases out of court. *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976). An equally clear purpose is to insure that the catastrophically injured victim may recover those damages traditionally allowable in tort. *Workman v Detroit Automobile Inter-Insurance Exchange,* 404 Mich 477; 274 NW2d 373 (1979). Another aim of the statute is to lower insurance premiums. *Moore v Travelers Ins Co,* 475 F Supp 891 (ED Mich, 1979). It is stated in *Hill v Aetna Life & Casualty Co,* 79 Mich App 725; 263 NW2d 27

(1977), that no-fault's basic purpose is to ensure compensation of persons injured in automobile accidents."

The trial court in this case found that plaintiff fractured his right clavicle. This is the only injury of any consequence to plaintiff. No other injuries were manifested or relied upon. (There were some bruises and abrasions.) There were no complications.

Plaintiff's arm was immobilized for a short period of time, about one month. This disrupted his sporting activities, was inconvenient and deterred plaintiff from normal activities for the month plaintiff wore the brace cast (not plaster). He had a full recovery.

The injury here was objectively manifested. The proper functioning of a shoulder and arm is an important function. There was no showing that the hand on the arm in question did not function. There was no showing that plaintiff could not eat or had trouble eating. It would appear that the fracture was not a compound fracture. The fracture here did not have any permanent or long-range effect; the brace cast was on only one month.

## III

The determination of whether plaintiff had a broken clavicle is a determination of fact as to which there is no contest.

The determination that such fact amounts to a serious impairment of body function, is, however, a legal issue. *Cassidy, supra,* p 502. It is the application of statutory language to the facts that we are undertaking in this case. See, *e.g., Askew v Macomber,* 63 Mich App 359, 362; 234 NW2d 523

(1975); *Kircos v Lola Cars Ltd,* 97 Mich App 379, 383-384; 296 NW2d 32 (1980).

This Court disagrees with the conclusion made by the trial court on the legal issue of serious impairment of body function. This Court does not believe that the threshold has been reached in this case.

## IV

Plaintiff here argues that this Court is bound by the finding of the prior panel of this Court that there was serious impairment of a body function. We do not agree. Technically the instant appeal is brought on different grounds. The prior panel did not have the benefit of the three-factor analysis first outlined in *Cassidy.*

In *Cassidy,* the Supreme Court clarified for the courts of this state the appropriate analysis to use in determining whether injuries in each case are a serious impairment of body function. As enumerated in *Williams v Payne, supra,* the Supreme Court stressed that the injury must be serious, that it must be to an important body function, and it must be an objectively manifested injury. The Supreme Court ruled that this determination, where the facts are not disputed, must be made by the trial court as a ruling of statutory construction, and is not a question of fact to be decided by the jury.

In the first appeal of this case, this Court was reviewing a jury decision that there was no serious impairment of body function. When this case was remanded to the trial court, it held as a matter of law that plaintiff's injuries were a serious impairment, reaching the opposite conclusion from the jury. Now having been enlightened by the Su-

preme Court's directives in *Cassidy,* we are reviewing the trial court's application of the "serious impairment of body function" provisions of the no-fault statute to this case. The Supreme Court's intervening elucidation of the phrase "serious impairment of body function" has altered the law significantly enough that we do not agree with plaintiff that this appeal is governed by the previous panel's decision.

It is true, as plaintiff points out, that the Supreme Court did not vacate this Court's decision, as it did in *Range I,* but only modified it to the extent that on remand the trial court should "proceed in the manner outlined by the Supreme Court in *Cassidy".* However, this Court in *Range I* had ruled that there was no serious impairment and had not remanded the case to the trial court. The effect of the Supreme Court's orders in both cases was the same, *i.e.,* to have the trial judge decide, at the trial court level, the issue of serious impairment as a matter of law. If the Supreme Court had intended to sustain this Court's finding of serious impairment in this case, there would have been no reason to direct the trial court to rule on the issue. We, therefore, do not think the law of the case doctrine, as explained in *Edwards v Joblinski,* 108 Mich App 371; 310 NW2d 385 (1981), controls our approach to the instant case.

Because we hold plaintiff's injury did not amount to a serious impairment of body function, we need not reach the question of damages.

Reversed.