RANGE v GOROSH (AFTER REMAND)

Docket No. 74626. Submitted July 11, 1984, at Detroit.—Decided October 19, 1984.

Irene Range was injured in an automobile accident in which the car in which she and her husband, Harris Range, were traveling was struck by an automobile operated by Susan Gorosh and owned by Martin Gorosh. The Ranges filed suit in Oakland Circuit Court against the Goroshes. Irene Range sought damages for her injuries and Harris Range sought damages for loss of consortium. The defendants admitted liability at the trial. The only issue for the court's determination was whether Irene Range sustained serious impairment of body functions under the no-fault automobile insurance act. The court, Robert C. Anderson, J., denied plaintiffs' motion for a directed verdict on the question of whether Irene Range suffered a serious impairment of body function and submitted the case to the jury. A judgment for the defendants was entered following a jury verdict of no cause of action. Plaintiffs appealed and the Court of Appeals affirmed the trial court's denial of plaintiffs' motion for a directed verdict on the question of whether Irene Range suffered a serious impairment of body function, finding that plaintiff Irene Range's incapacity was not of such a magnitude that all reasonable jurors would agree that it consititued a serious impairment of body function and that the question therefore was one to be decided by the jury, 121 Mich App 1 (1982). Plaintiffs sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the circuit court for reconsideration in light of *Cassidy v McGovern*, 415 Mich 483 (1982). After reconsideration the court, Robert C. Anderson, J., reaffirmed its previous denial of plaintiffs' motion for a directed verdict. Plaintiffs appealed. *Held:*

1. The case of *Cassidy v McGovern,* decided after the Court of

REFERENCES FOR POINTS IN HEADNOTES

[1-2] 7 Am Jur 2d, Automobile Insurance §§ 348, 349.

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

Appeals first decision in this case, modified the law as to the determination of whether a serious impairment of body function had been sustained for purposes of the no-fault act. Prior to the *Cassidy* decision, the question was one of fact, to be decided in most cases by the jury. The Supreme Court in *Cassidy* modified that rule, making the question of whether a serious impairment of body function had been sustained one of law to be decided by the court in cases where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where such a dispute exists but is not material to the determination whether the plaintiff suffered a serious impairment of body function. There is no dispute in this case as to the nature and extent of Irene Range's injuries.

2. The trial court erred in not deciding as a matter of law whether Irene Range had suffered a serious impairment of a body function. Irene Range's injuries were, as a matter of law, sufficiently serious to meet the threshold requirement for recovery.

3. It cannot be determined whether the trial court's error deprived plaintiffs of a fair trial since a general verdict was returned. The matter must therefore be remanded for a new trial on the issues of causation and damages only.

Reversed and remanded.

BEASLEY, P.J., concurred, but wrote separately to point out that the jury's verdict was reached after a fair trial according to the law at that time but that the Supreme Court, in all probability, meant that the jury verdict should be disregarded.

1. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

2. INSURANCE — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

An injury, while it need not be permanent, must result in the impairment of an important body function, must be serious, and must be objectively manifested in order to meet the thresh-

old for recovery under the noneconomic tort loss provision of the no-fault act (MCL 500.3135; MSA 24.13135).

*Charfoos, Christensen & Archer* (by *Adrienne G. Southgate*), for plaintiffs.

*Condit, McGarry & Schloff, P.C.* (by *Richard P. Condit*), for defendants.

AFTER REMAND

Before: BEASLEY, P.J., and J. H. GILLIS and R. B. MARTIN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's denial of their motion for a directed verdict after reconsideration pursuant to a remand order of the Michigan Supreme Court. *Range v Gorosh,* 417 Mich 1059; 335 NW2d 649 (1983).

Plaintiffs filed a lawsuit to obtain damages for injuries received in an automobile accident which occurred on July 26, 1976. The defendants admitted liability, and thus the primary issue at trial was whether the injuries sustained by Mrs. Range amounted to the "serious impairment of body function" which constitutes a prerequisite to the maintenance of a tort action for noneconomic loss under the no-fault act, MCL 500.3135; MSA 24.13135.

It is undisputed that as a result of the accident Mrs. Range suffered six rib fractures and fractures of the right clavicle and small toe of the right foot. Plaintiff was hospitalized for four days and was thereafter unable to perform any household chores

---

* Retired circuit judge, sitting on the Court of Appeals by assignment.

for a period of three months. Plaintiff also con-
tended that she has had difficulty breathing as a
result of the accident. Her medical expert, Dr.
Herschel Mozen, supported this claim with a diag-
nosis of post-traumatic pleural thickening and
fibrosis and testified as well that the accident
exacerbated pre-existing lung and heart disease.
Plaintiff's treating physician, examined by the
defendants, testified regarding the bone fractures
as well as a mild concussion but was not ques-
tioned as to any additional injuries.

At the close of proofs, plaintiff moved for a
directed verdict on the question of whether she
had suffered a "serious impairment of body func-
tion". The trial court denied the motion and sub-
mitted the case to the jury. A verdict of no cause
of action was returned.

On appeal to this Court, the trial court's denial
of plaintiffs' motion was affirmed on the ground
that "plaintiff's incapacity was not of such a mag-
nitude that all reasonable jurors would agree that
it constituted a serious impairment of a body
function". *Range v Gorosh,* 121 Mich App 1, 8; 328
NW2d 128 (1982). Plaintiffs sought leave to appeal
the decision to the Supreme Court, which, in lieu of,
granting leave, vacated the Court of Appeals judg-
ment and remanded the case to the Oakland
County Circuit Court for reconsideration in light
of *Cassidy v McGovern,* 415 Mich 483; 330 NW2d
22 (1982).

After hearing arguments by the parties, the
trial court reaffirmed its previous denial of plain-
tiffs' motion. In his ruling, the trial judge stated,
"I'm merely reconsidering the same thing I consid-
ered at the time I ruled not to take it from the
jury * * *'" and indicated that, unless a bone
fracture automatically constitutes a serious im-
pairment of body function, he would have to deny

the relief requested by plaintiffs. Plaintiffs once again appeal the trial court's ruling.

At the time of this Court's original disposition of the matter, the law in Michigan was that the threshold question, *i.e.*, whether a serious impairment of body function had been sustained, was a question of fact for the jury except in those instances where no reasonable trier of fact could differ and the injuries were either so severe or so minimal that the trial judge could resolve the issue as a matter of law. *Williams v McGowan*, 135 Mich App 457, 461; 354 NW2d 382 (1984). However, this rule was modified in *Cassidy v McGovern, supra,* where the Court concluded that:

"[T]he meaning of 'serious impairment of body function' is a matter to be determined by statutory construction. We hold that when there is no factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function shall be decided as a matter of law by the court. Likewise, if there is a factual dispute as to the nature and extent of a plaintiff's injuries, but the dispute is not material to the determination whether plaintiff has suffered a serious impairment of body function, the court shall rule as a matter of law whether the threshold requirement of MCL 500.3135; MSA 24.13135 has been met." 415 Mich 502.

*Cassidy* cited several reasons underlying this change in the law, including the fact that "serious impairment of body function" is not a commonly used term, and thus a trial would be required in most instances if its interpretation were left to the trier of fact. Such a result would defeat the overall policy of reducing litigation in this area. *Cassidy,* p 501.

Contrary to the defendants' assertions, the nature and extent of the plaintiff's injuries was not

subject to factual dispute. The evidence clearly established, and all parties agreed, that plaintiff sustained six rib fractures and a fracture of the right clavicle and of a toe in the right foot. Defendants' arguments on appeal do not address the nature and extent of the plaintiff's injuries, but rather focus on the effect of these injuries upon her capacity to perform household chores and her ability to return to work. Thus, defendants in reality dispute only whether the plaintiff's injuries amount to a serious impairment of body function as contemplated by MCL 500.3135; MSA 24.13135. The existence of such a dispute does not prevent the trial court from deciding the question as a matter of law. On the contrary, the import of *Cassidy* is that such disputes are to be resolved by the trial judge, not the jury.[1]

Our review of the trial court's ruling upon reconsideration of the plaintiffs' motion leads us to the conclusion that *Cassidy* was not followed. The comment that "I'm merely reconsidering the same thing I considered at the time I ruled not to take it from the jury" indicates that the trial judge did not fully comprehend his expanded role in making the decision as set out in *Cassidy*. His ruling does not reveal whether he considered the existence or absence of a factual dispute as to the nature and

---

[1] As to the plaintiff's claims of problems with her breathing as a result of the accident, again there was no real dispute. The only evidence introduced at trial on the subject was the plaintiff's description of her complaints and her medical expert's testimony that she suffers from post-traumatic pleural thickening. Defense counsel did not attempt to dispute the existence of breathing problems or its relation to the automobile accident through his examination of the treating physician. However, our conclusions as to the propriety of the trial court's refusal to decide the question as a matter of law do not require acceptance of the plaintiff's breathing complaints. Thus, even if a factual dispute as to these problems does exist, "the dispute is not material to the determination whether plaintiff has suffered a serious impairment of body function", and a legal ruling on the threshold question was nonethelsss appropriate.

extent of the plaintiff's injuries. We believe that if the issue had been considered, the only conclusion possible is that the threshold question should not have been submitted to the jury.

We also conclude that, as a matter of law, the plaintiff's injuries were of a severity such as to constitute a serious impairment of body function. In reaching this conclusion, we are mindful of the guidelines which have been developed thus far. For example, to meet the threshold, an injury must result in the impairment of an important body function and, by the statute's own terms, it must be serious. *Williams v Payne,* 131 Mich App 403, 409; 346 NW2d 564 (1984). Further, the injury need not be permanent, but it must be objectively manifested. *Cassidy,* p 505; *Guerrero v Schoolmeester,* 135 Mich App 742, 748; 356 NW2d 251 (1984).

Plaintiff's injuries, broken bones, were objectively manifested. Further, while the injuries were not permanent, by the defendants' own admission they were of a nature which required bedrest in order to heal properly. Plaintiff was unable to perform ordinary household chores for a period of time and did not return to work until February, 1977. While the injuries were not of the severity suffered by the plaintiff in *Cassidy,* we believe that they were sufficiently serious to meet the threshold requirement contained in MCL 500.3135; MSA 24.13135.

Since the trial judge erred in submitting the threshold question to the jury, we must now decide whether this error deprived the plaintiffs of a fair trial. An error such as this constitutes the denial of a fair trial "only if the jury, in fact, did not find that she suffered a serious impairment". *LaHousse v Hess,* 125 Mich App 14, 19; 336 NW2d 219 (1983). Unfortunately, as in *LaHousse,* a general verdict was returned, and thus the jury could have

come to any one of several conclusions. For example, they may have found that the threshold had not been met or that the threshold had been met but the injuries were not proximately caused by the accident. Further, they may have found in favor of the plaintiff on the threshold and causation questions but concluded that damages had not been proven. In light of the speculation necessitated by the general verdict, as well as the unlikelihood of the latter two possibilities, this Court cannot conclude that the plaintiff received a fair trial despite the trial court's error. Thus, the trial court's denial of the plaintiffs' motion for directed verdict on the threshold question is reversed, and the matter is remanded for a new trial on the issues of causation and damages only.

Reversed and remanded.

BEASLEY, P.J. *(concurring)*. I concur in reversing and remanding for the reason that the trial judge has not made findings applying the *Cassidy*[1] standards.

The difficult question on appeal remains whether any effect is to be given to a jury verdict reached after a fair trial according to the law as it was at the time. The jury apparently decided that there was no serious impairment of body function. Quite obviously, the jury did not believe plaintiffs or the expert witness employed by their counsel. Probably, the Supreme Court meant in its brief order that the jury verdict should be disregarded.[2]

However, the trial judge has not made sufficient findings for us to know the basis for his decision after remand and, particularly, whether or not he gave weight to the jury verdict.

[1] *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982).

[2] *Range v Gorosh,* 417 Mich 1059; 335 NW2d 649 (1983).