KROFT v KINES

Docket No. 85780. Submitted April 14, 1986, at Lansing. Decided June 24, 1986.

Linda Kroft (hereafter referred to as plaintiff) was injured in an automobile accident, suffering two comminuted fractures of the humerus. Plaintiff and her husband, David Kroft, thereafter brought an action in the Ingham Circuit Court against Kevin Ray Kines (hereafter referred to as defendant) and Eaton County and the Eaton County Road Commission for damages resulting from the accident. Defendant brought a motion for summary disposition which the trial court, James T. Kallman, J., denied. Defendant appeals by leave granted.

The Court of Appeals *held:*

1. The trial court erred in ruling that a jury question existed regarding whether plaintiff met the threshold statutory requirement for recovery of noneconomic loss under the no-fault act.

2. Plaintiff sustained an arm injury that has definite objective manifestations and, for a period of 2½ months, at least, impaired an important body function, the use of her arm. However, the Court of Appeals determined that it could not find the impairment "serious" within the meaning of the no-fault act. The injury did not cause and is not presently causing a significant impact on plaintiff's ability to live a normal life.

3. Error was not found in regard to defendant's failure to submit an affidavit with his motion for summary disposition.

4. It is unnecessary to address defendant's claim that the trial court erred in denying summary disposition of David

REFERENCES

Am Jur 2d, Affidavits §§ 29-31.

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes sufficiently serious personal injury, disability, and impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

See also the annotations in the Index to Annotations under Motions.

Kroft's cause of action since David Kroft's cause of action is dependent on Linda Kroft's right of recovery.

Reversed and plaintiffs' causes of action dismissed.

1. INSURANCE — NO-FAULT INSURANCE — NONECONOMIC LOSSES.

Michigan's no-fault act provides that a person remains subject to tort liability for noneconomic loss occasioned by his use, maintenance or operation of a motor vehicle only if the injured party has suffered death, serious impairment of body function or permanent serious disfigurement (MCL 500.3135; MSA 24.13135).

2. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

The trial court shall rule as a matter of law in a no-fault insurance action whether the threshold statutory requirement for noneconomic loss has been met where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where the factual dispute is not material to the determination of whether a plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

3. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

A serious impairment of body function under the no-fault act is to be measured by an objective standard that looks to the effect of an injury on the person's general ability to lead a normal life; recovery for pain and suffering under the act is not predicated on serious pain and suffering, but on injuries that affect the functioning of the body; an injury need not be permanent to be serious, but permanency is relevant (MCL 500.3135; MSA 24.13135).

4. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury results in a serious impairment of body function, for purposes of the no-fault act, must be decided on a case-by-case basis; the impairment must be serious, it must be of an important body function and the injury must be objectively manifested (MCL 500.3135; MSA 24.13135).

5. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — AFFIDAVITS — COURT RULES.

An affidavit is not required to be submitted with a motion for summary judgment based upon the lack of a genuine issue as to any material fact so long as depositions, admissions, or other documentary evidence set forth facts in support of the motion (MCR 2.116[C][10], 2.116[G][3][a]).

*Church, Kritselis, Wyble & Robinson, P.C.* (by
*James T. Heos* and *Brian W. Bevez*), for plaintiffs.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by
*Paula R. Latovick*), for Kevin Ray Kines.

Before: ALLEN, P.J., and MACKENZIE and J. P.
SWALLOW,* JJ.

PER CURIAM. Defendant Kevin Ray Kines appeals, by leave granted, from a circuit court order denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). The dispositive issue on appeal is whether plaintiff Linda Kroft suffered a serious impairment of a body function. MCL 500.3135; MSA 24.13135. We find that she did not and reverse.

Plaintiff was injured in an automobile accident on August 4, 1981. Plaintiff was taken by ambulance to the hospital. X-rays revealed that plaintiff suffered two comminuted fractures of the humerus. Her arm was set in a cast. She remained in the hospital for three days.

As a result of her injuries, plaintiff was unable to do housework for the 2½-month period her arm was in a cast. For a few months thereafter, she experienced some limitation in movement of her arm, but was able to do most housework. Plaintiff still experiences pain when washing walls or gardening, and is unable to pick up her sons, ages five and six. She is unable to crochet or knit for the periods she previously was able to crochet or knit because her arm gets tired. Plaintiff's physician expects her to continue to have pain associated with arduous activity.

With these facts in mind, we examine the trial court's ruling that a jury question existed regard-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing whether plaintiff met the threshold statutory requirement for recovery of noneconomic loss under the no-fault act.

Under the Michigan no-fault act, a person remains subject to tort liability for noneconomic loss occasioned by his use, maintenance or operation of a motor vehicle only if the injured party has suffered death, serious impairment of body function or permanent serious disfigurement. MCL 500.3135; MSA 24.13135.

Where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or when the factual dispute is not material to the determination of whether a plaintiff has suffered a serious impairment of body function, the trial court shall rule as a matter of law whether the threshold statutory requirement has been met. *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982). When considering the seriousness of the injury, the court should be mindful of the other threshold requirements for recovery of noneconomic loss, death and permanent serious disfigurement, and the legislative reasons for limiting the recovery for noneconomic losses; viz., prevention of overcompensation for minor injuries and reduction of litigation in automobile accident cases. *Cassidy, supra.*

At this state in its legal evolution, "serious impairment of body function" must be decided on a case-by-case basis. *Cassidy, supra,* p 503. A few standards have developed, though, which will assist the courts. First, "impairment of body function" actually means "impairment of important body functions." *Id.,* p 504. Second, by its own terms the statute require that any impairment be "serious." MCL 500.3135(1); MSA 24.13135(1); *Williams v Payne,* 131 Mich App 403, 409; 346 NW2d 564 (1984). Third, the section applies only to "ob-

jectively manifested injuries." *Cassidy, supra,* p 505.

In determining whether there has been a serious impairment of an important body function, a court must apply an objective standard that looks to the effect of an injury on the person's general ability to lead a normal life. *Cassidy, supra,* p 505. Recovery for pain and suffering under the act is not predicated on serous pain and suffering, but on injuries that affect the functioning of the body. *Id.* An injury need not be permanent to be serious, but permanency is relevant. *Id.,* pp 505-506.

When we review the facts of this case in a light most favorable to plaintiff, *Rizzo v Kretschmer,* 398 Mich 363, 372; 207 NW2d 316 (1973), we agree that plaintiff sustained an arm injury that has definite objective manifestations. Further, it appears that the injury, for a period of 2½ months, at least, impaired an important body function, the use of plaintiff's arm.

Nevertheless, we cannot find this impairment "serious" within the meaning of the statute. The injury did not cause and is not presently causing a significant impact on plaintiff's ability to live a normal life. Unlike the fractures in *Cassidy, supra,* or in *Range v Gorosh (After Remand),* 140 Mich 712; 364 NW2d 686 (1984), cited by plaintiff, the injuries here did not affect plaintiff's very mobility. Further, she returned to her housework within eleven weeks of the accident. While we are not unsympathetic to the pain and inconvenience plaintiff now experiences, it does not affect her ability to lead a normal life. *Williams v Payne, supra.*

Because we find that the trial court erred in ruling on the merits of defendant's motion, we address plaintiff's claim that the trial court and this Court may not entertain the merits of defen-

dant's claim because defendant failed to submit an affidavit with his motion for summary disposition. Unlike procedure under the former rules, GCR 1963, 117.2(3) and 117.3, an affidavit is not required for such a motion under the new rules, so long as "depositions, admissions, or other documentary evidence" set forth facts in support of the motion. MCR 2.116(C)(10) and 2.116(G)(3)(a).

Because plaintiff David Kroft's cause of action is dependent on plaintiff Linda Kroft's right of recovery, we find it unnecessary to address defendant's claim that the trial court erred in denying summary disposition of David Kroft's cause of action.

The trial court's order denying defendant's motion is reversed. Plaintiffs' causes of actions are dismissed.