McDONALD v OBERLIN

Docket No. 65649. Submitted March 10, 1983, at Lansing.—Decided July 7, 1983.

Cherie McDonald filed suit against Mark W. Oberlin in Jackson Circuit Court seeking to recover damages for noneconomic losses arising out of an automobile accident. Defendant moved for summary judgment on the grounds that plaintiff had failed to state a cause of action upon which relief could be granted and that there was no genuine issue of material fact and defendant was entitled to judgment as a matter of law. The court, James G. Fleming, J., granted summary judgment on the basis that there was no genuine issue of material fact. Plaintiff appeals. *Held:*

1. The trial court properly concluded as a matter of law that plaintiff failed to meet the minimum threshold requirement to prove serious impairment of a body function under the no-fault insurance act.

2. Plaintiff's argument that the trial court improperly granted summary judgment on the ground that plaintiff failed to state a cause of action upon which relief could be granted is based upon a factual misconception. Summary judgment was granted on the basis that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law.

Affirmed.

1. INSURANCE — AUTOMOBILES — NO-FAULT ACT — NONECONOMIC LOSS — TORTS.

Nonintentional tort liability for noneconomic loss caused by the use of a motor vehicle exists under the no-fault insurance act only if the injured person has suffered death, serious impair-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 425, 348.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[3] 4 Am Jur 3d, Appeal and Review § 488.

[4] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

ment of a body function, or permanent serious disfigurement (MCL 500.3135; MSA 24.13135).

2. INSURANCE — NO-FAULT ACT — TORTS — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of a body function (MCL 500.3135; MSA 24.13135).

3. APPEAL — EXTRANEOUS MATTERS.

Items outside the scope of a trial court record are not properly subject to consideration on review.

4. JUDGMENT — SUMMARY JUDGMENT — GENUINE ISSUES OF FACT — BURDEN OF PROOF.

A party opposing a motion for summary judgment for failure to establish the existence of a genuine issue of material fact bears the burden of coming forward with some proof to establish the existence of a genuine issue of material fact (GCR 1963, 117.2[3]).

*Rappleye, Wilkins & Arcaro* (by *Viola A. Kaminski*), for plaintiff.

*Kelly, Kelly & Kelly* (by *William J. Kelly*), for defendant.

Before: M. J. KELLY, P.J., and GRIBBS and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff filed suit seeking to recover damages for noneconomic losses arising out of an automobile accident. The trial court granted summary judgment in favor of defendant pursuant to GCR 1963, 117.2(3) (no genuine issue as to any material fact and the moving party is entitled to

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment as a matter of law). Plaintiff appeals as of right.

Following adoption of the Michigan automobile no-fault insurance law, a person remains subject to nonintentional tort liability for noneconomic loss caused by his use of a motor vehicle only if the injured person has suffered death, serious impairment of a body function, or permanent serious disfigurement. MCL 500.3135; MSA 24.13135. In the instant case, plaintiff alleged that she suffered serious impairment of a body function. When there is no factual dispute regarding the extent of a plaintiff's injuries, the trial court is to decide as a matter of law whether the plaintiff has suffered a serious impairment of a body function. *Cassidy v McGovern*, 415 Mich 483, 488; 330 NW2d 22 (1982).

There is no factual dispute regarding the extent of plaintiff's injuries. The doctors who examined plaintiff were not deposed prior to the summary judgment motion. The trial court based its decision on the parties' briefs, plaintiff's deposition, and the remainder of the court file. In accordance with *Cassidy*, the trial court properly decided as a matter of law whether plaintiff had suffered a serious impairment of a body function. Plaintiff complained in her deposition of some pain and discomfort as a result of her injury. This injury does not appear to have affected plaintiff's mode of living in any significant way. On appeal, plaintiff asserts that she was entirely disabled from work for three months due to "severe dorsal strain". The report containing that diagnosis, however, is not included in the lower court file and, therefore, it cannot be used by plaintiff to bolster her claim on appeal. See *Trail Clinic, PC v Bloch,* 114 Mich App 700, 708-709; 319 NW2d 638 (1982); *People v*

*Gibbs,* 120 Mich App 485, 491; 328 NW2d 65 (1982).

Plaintiff contends further on appeal that when she returned to work three months after the accident, she was released for only "light duty" by her physician. This was not established at the lower court proceeding. Indeed, plaintiff's deposition testimony is contrary to that position. Although she did not specifically recall whether she had worked sporadically during the three-month period, she acknowledged that she may have gone to work for a couple of days. Additionally, plaintiff was not confined to bed and was able to function normally and engage in her normal activities. Plaintiff was not incapacitated by her discomfort, nor did it interfere with her normal lifestyle. Reviewing the record, we find that the trial court properly concluded as a matter of law that plaintiff failed to meet the minimum threshold requirement.

Plaintiff's second argument is based upon a factual misconception. Plaintiff argues that the trial court improperly granted summary judgment under GCR 1963, 117.2(1) (failure to state a claim upon which relief can be granted). Defendant's motion and the lower court opinion and order, however, were based upon GCR 1963, 117.2(3) (no genuine issue of material fact and the moving party is entitled to judgment as a matter of law). GCR 1963, 117.2(3) is designed to test whether factual support exists for the plaintiff's claim. The party opposing the motion must present some proof to establish the existence of a genuine issue of material facts. *Bob v Holmes,* 78 Mich App 205, 212; 259 NW2d 427 (1977). There was no dispute as to the injuries sustained in the present case. The issue was whether those injuries met the requisite legal threshold. Plaintiff did suffer some

discomfort due to the accident; however, the degree of the injury was insufficient to meet the minimum threshold requirement. Summary judgment was properly entered in defendant's favor.

Affirmed.