## JAKUBIEC v KUMBIER

Docket No. 71602. Submitted February 14, 1984, at Detroit.—Decided April 10, 1984.

Lisa Marie Jakubiec was injured when the bicycle she was riding was struck by an automobile being driven by William K. Kumbier. Jakubiec filed suit against Kumbier in Wayne Circuit Court seeking damages for severe personal injuries and permanent disfigurement as well as for great mental anguish. Defendant pointed out in his answer that plaintiff's right to recovery was limited by the provision of the no-fault automobile insurance act which subjects a person to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement. Defendant filed a motion for summary judgment on the ground that plaintiff had not suffered death, serious impairment of a body function, or permanent serious disfigurement and that there was no genuine issue as to any material fact. The court, Michael L. Stacey, J., granted defendant's motion for summary judgment. Plaintiff appeals. *Held:*

1. The fact that the affidavit defendant filed in support of his motion for summary judgment was not made on personal knowledge does not render the grant of summary judgment an error requiring reversal. The trial court has the authority to excuse a party from presenting material facts in the affidavit if it is supplemented by depositions or answers to interrogatories, as was the case here.

2. The trial court did not err in deciding as a matter of law that plaintiff's injuries did not meet the threshold required for recovery under the no-fault act.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 18.
[2] 7 Am Jur 2d, Automobile Insurance § 349.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

1. JUDGMENTS — SUMMARY JUDGMENT — AFFIDAVITS — COURT RULES.

The fact that an affidavit filed in support of a motion for summary judgment on the ground that there is no genuine issue of material fact is not made on personal knowledge does not necessarily render the affidavit procedurally defective or the grant of summary judgment an error requiring reversal where the affidavit is supplemented by depositions or answers to interrogatories (GCR 1963, 116.4, 116.6, 117.2[3]).

2. AUTOMOBILES — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

*Bushnell, Gage, Doctoroff & Reizen* (by *Mark E. Reizen*), for plaintiff.

*Shoup, Hayduk, Dawson, Andrews & Hypnar, P.C.* (by *Robin K. Andrews* and *Mark A. Hypnar*), for defendant.

Before: ALLEN, P.J., and V. J. BRENNAN and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff was injured when the bicycle she was riding was struck by defendant's automobile. Plaintiff suffered cuts on both elbows and on her right knee. In addition, one of plaintiff's front teeth was broken and two other teeth were cracked. Plaintiff was not treated in a hospital emergency room for her injuries, but she immediately went to see her dentist, who capped her broken tooth.

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

Plaintiff filed suit in Wayne County Circuit Court seeking damages for severe personal injuries and permanent disfigurement as well as for great mental anquish. Defendant in his answer pointed out that plaintiff's right to recovery was limited by MCL 500.3135; MSA 24.13135.

Defendant deposed plaintiff and soon thereafter filed a motion for summary judgment under GCR 1963, 117.2(3), alleging that, as a matter of law, plaintiff had not suffered a serious impairment of body function, permanent serious disfigurement, or death, and that he was therefore entitled to judgment as a matter of law, there being no genuine issue as to any material fact. The trial court granted the motion and plaintiff appeals as of right, raising two issues.

I

*Was the affidavit in support of defendant's motion for summary judgment procedurally defective?*

Plaintiff argues that the affidavit filed by defendant in support of his motion for summary judgment was insufficient because it was not made on personal knowledge, as required by GCR 1963, 116.4, 117.2(3).

Defendant states that it was not necessary to have a proper affidavit since defendant conceded for purposes of the motion that there was no genuine issue of material fact as to the nature and extent of plaintiff's injuries and that defendant was relying on plaintiff's answers to interrogatories and deposition testimony as well as exhibits.

We agree with the defendant for the reasons stated in *Brooks v Reed,* 93 Mich App 166; 286 NW2d 81 (1979), for it is very clear that both

plaintiff and defendant were before the trial judge for the purpose of his deciding the second issue, which we consider now on appeal.

## II

*Did the trial court err in granting defendant's motion for summary judgment after concluding that plaintiff did not meet the threshold of a serious impairment of body function as required by MCL 500.3135; MSA 24.13135?*

In *Cassidy v McGovern,* 415 Mich 483, 488; 330 NW2d 22 (1982), the Court ruled:

"We hold that the question what injuries come within the class denominated as the 'serious impairment of body function' is a question of statutory construction to be decided by the court. When there is no factual dispute regarding the extent of a plaintiff's injuries, or when any factual dispute does not straddle the line demarcating those injuries which constitute the serious impairment of body function, the court is to decide as a matter of law whether plaintiff has suffered a serious impairment of body function."

Plaintiff's deposition indicates that at no time immediately following the accident did she visit a hospital emergency room for treatment of her injuries, nor was she ever hospitalized. Plaintiff did not require any medical attention at the scene of the accident, and none of the cuts she received required sutures.

Plaintiff testified that there is no hobby or activity that she has difficulty doing because of the accident. She completed her high-school education on time, as well as her driver education program. In addition, plaintiff's involvement in a co-op program that ultimately led to a post high-school job continued uninterrupted.

Plaintiff argues that she retains scars on her body as a result of the accident, causing her embarrassment and emotional damage. But in her deposition, she described the one scar on her knee as "faint". Plaintiff admitted that none of the scars cause her any difficulty, and, furthermore, she has not gone to be examined and treated by a plastic surgeon for these scars.

Plaintiff also contends that the injuries sustained to her teeth, gums, and jaw constitute a serious impairment of body function because she sometimes experiences pain when she eats or moves her jaw. However, she testified that she is not taking any kind of medication for the pain in her jaw. We also note the *Cassidy* Court's determination of the legislative intent to predicate recovery on objectively manifested injuries, not on pain and suffering. *Cassidy, supra,* p 505.

As for lower back pain and the sinus headaches plaintiff claims to suffer from, again, plaintiff testified that they were not a continuous problem and that they did not require anything more than infrequent treatment.

The opinion of plaintiff's dentist as to whether she will need further treatment is very guarded. He more or less states that plaintiff may never require further treatment, but on the other hand she may.

It is undisputed that plaintiff's injuries have proven to be irritating and troublesome. But they do not appear to have affected plaintiff in going about her normal daily life. At no time has plaintiff been incapacitated by the accident. The injuries have not really affected any important body function, as required by *Cassidy, supra,* for since the accident, plaintiff has gone on to complete her high-school education, find employment in her field

and live a normal life. Clearly, the injuries have not interfered with her normal life style.

Support for this conclusion comes from a case this Court recently decided. In *McDonald v Oberlin*, 127 Mich App 73; 338 NW2d 725 (1983), the Court affirmed the trial court's order granting summary judgment. The Court followed *Cassidy,* finding that no factual dispute regarding the plaintiff's injuries existed. Therefore, the trial court was free to decide as a matter of law if the plaintiff's injuries met the threshold of serious impairment of a body function. The Court then went on to find that the injuries the plaintiff claimed to have suffered had not interfered with her normal life style and that she had not been incapacitated by her discomfort.

Careful review of the well-written briefs and the law as stated in *Cassidy, supra,* and *McDonald v Oberlin, supra,* leads us to believe that the trial judge was correct. We, therefore, affirm.

Affirmed.