KOSACK v MOORE

Docket No. 75690. Submitted November 14, 1984, at Lansing.—Decided March 8, 1985.

Plaintiff, Andrew M. Kosack, brought an action in the Midland Circuit Court to recover damages for noneconomic losses resulting from an automobile accident. Following a jury trial, a verdict for the defendants, Mary E. Moore and Barbara A. Moore, was returned. The trial court, Tyrone Gillespie, J., entered a judgment thereon. Plaintiff's motion for a judgment notwithstanding the verdict and a new trial was thereafter denied. Plaintiff appeals from that order. *Held:*

The trial court did not err in declining to hold that plaintiff's injuries constituted serious impairments of body function and permanent serious disfigurements as a matter of law. The submission to the jury of the questions of whether plaintiff's injuries constituted serious impairments of body function and permanent serious disfigurements presents no error of which plaintiff can complain unless the evidence, viewed in the light most favorable to defendant, showed that the plaintiff's injuries constituted serious impairments of body function or permanent serious disfigurements as a matter of law. The evidence did not show serious impairments of body function or permanent serious disfigurements as a matter of law.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION — SERIOUS DISFIGUREMENT.

The threshold question of the existence of a serious impairment of body function or permanent serious disfigurement under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be resolved by the court as a matter of law where there is no material factual

REFERENCES FOR POINTS IN HEADNOTES

[1-5] Am Jur 2d, Automobile Insurance § 340 *et seq.*

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

dispute as to the nature and extent of the plaintiff's injuries (MCL 500.3135; MSA 24.13135).

2. INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION — SERIOUS DISFIGUREMENT — APPEAL AND ERROR.

A trial court's submission of the question of the existence of a serious impairment of body function or permanent serious disfigurement to the jury in a no-fault action for noneconomic loss where there is no material factual dispute as to the nature and extent of the plaintiff's injuries will not be considered error unless the evidence, viewed in the light most favorable to the defendant, shows that the plaintiff's injuries constituted a serious impairment of body function or a serious disfigurement as a matter of law.

3. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

The definition of a serious impairment of body function must be developed on a case-by-case basis; however, three basic requirements must be met: (1) the injury must be objectively manifested, (2) an important body function must be impaired by the injury, and (3) the impairment of that body function must be serious; medically unsubstantiated pain is not an objectively manifested injury; an impairment of body function need not be permanent to be serious, but permanence is a relevant consideration; the injury must significantly affect the plaintiff's ability to live a normal life in order to constitute a serious impairment of body function (MCL 500.3135; MSA 24.13135).

4. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

The requisite degree of seriousness to be met before an injury can be said to constitute a serious impairment of body function must be determined in light of the alternate threshold requirements for tort recovery for noneconomic loss under the no-fault act with respect to death or permanent serious disfigurement; also to be considered are the Legislature's reasons for limiting tort recovery in motor vehicle accident cases, including the avoidance of overcompensation for minor injuries and reduction of litigation (MCL 500.3135; MSA 24.13135).

5. INSURANCE — NO-FAULT INSURANCE — SERIOUS DISFIGUREMENT.

The question of whether an injury amounts to a permanent serious disfigurement so as to give rise to tort liability for noneconomic loss under the no-fault act depends on its physical

characteristics rather than its effect on the plaintiff's ability to live a normal life (MCL 500.3135; MSA 24.13135).

*Otto & Otto* (by *Warren G. Otto),* for plaintiff.

*Zimostrad & Zimostrad, P.C.* (by *Eric W. Zimostrad),* for defendants.

Before: WAHLS, P.J., and R. M. MAHER and R. E. NOBLE,* JJ.

PER CURIAM. Plaintiff brought this action pursuant to MCL 500.3135; MSA 24.13135 to recover damages for noneconomic losses caused by serious impairments of body function or permanent serious disfigurements resulting from an automobile accident. After a jury trial, a verdict for defendants was returned and plaintiff's motion for judgment notwithstanding the verdict was denied. Plaintiff appeals as of right.

Plaintiff argues that the trial court erred by declining to hold that his injuries constituted serious impairments of body function and permanent serious disfigurements as a matter of law. In *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982), the Court held that, at least where there is no material factual dispute as to the nature and extent of the plaintiff's injuries, the threshold question of the existence of a serious impairment of body function is a question of statutory construction to be resolved by the court as a matter of law. We infer that a threshold question as to the existence of permanent serious disfigurement is to be resolved similarly. Submission of these questions to the jury here presents no error of which plaintiff can complain unless the evidence, viewed in the light most favorable to defendant, showed that the plaintiff's injuries constituted serious im-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pairments of body function or permanent serious disfigurements as a matter of law. Compare *Argenta v Shahan,* 135 Mich App 477; 354 NW2d 796 (1984).

Court of Appeals decisions since *Cassidy* have elaborated on the principles developed in *Cassidy* for determining the existence of a serious impairment of body function. The definition of serious impairment of body function must be developed on a case-by-case basis. *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984); *Burk v Warren (After Remand),* 137 Mich App 715; 359 NW2d 541 (1984); *Wolkow v Eubank,* 139 Mich App 1; 360 NW2d 320 (1984), see also *Cassidy, supra,* 415 Mich 503. Three basic requirements, however, must be met before an injury can be said to constitute a serious impairment of body function: (1) the injury must be objectively manifested, (2) an important body function must be impaired by the injury, and (3) the impairment of that body function must be serious. *LaHousse v Hess,* 125 Mich App 14; 336 NW2d 219 (1983); *Williams v Payne, supra; Braden v Lee,* 133 Mich App 215; 348 NW2d 63 (1984); *Argenta v Shahan, supra; Guerrero v Schoolmeester,* 135 Mich App 742; 356 NW2d 251 (1984); *Burk v Warren, supra; Flemings v Jenkins,* 138 Mich App 788; 360 NW2d 298 (1984); *Wolkow v Eubank, supra,* see also *Cassidy, supra,* 415 Mich 504-506.

Medically unsubstantiated pain is not an objectively manifested injury. *Williams v Payne, supra.* The requisite degree of seriousness must be determined in light of the alternate threshold requirements for tort recovery established by MCL 500.3135; MSA 24.13135, death and permanent serious disfigurement. *Braden v Lee, supra,* see also *Cassidy, supra,* 415 Mich 503. Also to be considered in determining the requisite degree of

seriousness are the Legislature's reasons for limiting tort recovery in motor vehicle accident cases, including avoidance of overcompensation for minor injuries and reduction of litigation. *Braden v Lee, supra,* see also *Cassidy, supra,* 415 Mich 500. An impairment of body function need not be permanent to be serious, but permanence is nevertheless a relevant consideration. *Guerrero v Schoolmeester, supra,* see also *Cassidy, supra,* 415 Mich 505-506. An injury must significantly affect the plaintiff's ability to live a normal life in order to constitute a serious impairment of body function. *McDonald v Oberlin,* 127 Mich App 73; 338 NW2d 725 (1983); *Braden v Lee, supra; Jakubiec v Kumbier,* 134 Mich App 773; 351 NW2d 865 (1984); *Guerrero v Schoolmeester, supra; Flemings v Jenkins, supra,* see also *Cassidy, supra,* 415 Mich 505.

Here, plaintiff sustained lacerations on his hands and his right leg. According to plaintiff, the laceration on his right hand required 12 stitches to close while that on his left hand required none. Plaintiff's leg injury required more than five stitches, and two plastic drains were inserted in plaintiff's leg for about 3-1/2 weeks. Plaintiff required the assistance of a cane to walk for about 1-1/2 months after the accident, and a witness for plaintiff testified that plaintiff still walked with a noticeable limp and still used a cane occasionally a year after the accident. According to plaintiff, at the time of trial, about 4-1/2 years after the accident, the leg injury impaired, but did not prevent, jogging, golfing and skiing.

Plaintiff, a college student at the time of the accident, missed two weeks of school but completed the term and started the next term on time. Plaintiff claimed that the injury to his right hand had changed his handwriting, but plaintiff did not point to any particular interference from this

injury with his ability to perform his job with computers. Plaintiff's medical expert testified that the injury to the right hand might interfere with the performance of delicate work like fly-tying.

According to plaintiff's medical expert, the lacerations on plaintiff's right hand and right leg caused some apparently permanent nerve damage. The expert explained that the damage affected plaintiff's sensory rather than motor functions. The expert identified an area of numbness and occasional discomfort on the outer side of plaintiff's right thumb and another such area, about six inches by two inches, on plaintiff's right leg.

Viewed in the light most favorable to defendant, this evidence cannot be said to show that plaintiff's injuries constituted serious impairments of body function as a matter of law. An objectively manifested permanent impairment of an important body function, the sense of touch, was shown. However, the evidence of the impact of this impairment on plaintiff's ability to live a normal life was insufficient, when considered in light of the other threshold requirements for tort recovery and the Legislature's reasons for limiting tort recovery, to warrant a conclusion that this impairment must be characterized as serious as a matter of law.

Objectively manifested impairments of motor functions involving the use of the hands or the right leg were also shown, although most of the impairment of plaintiff's leg motor functions was temporary. Again, the evidence of the impact of these impairments on plaintiff's ability to live a normal life was insufficient to warrant a conclusion that these impairments must be characterized as serious as a matter of law.

Plaintiff also complained of recurring headaches, lower backaches and a stiff neck. Plaintiff produced no medical testimony to explain the possible

causes of such aches and pains and, as *Williams v Payne, supra,* shows, such medically unsubstantiated pain cannot be considered an objectively manifested injury.

Whether an injury amounts to a permanent serious disfigurement depends on its physical characteristics rather than its effect on the plaintiff's ability to live a normal life. *Williams v Payne, supra,* 131 Mich App 411. Here, plaintiff sustained scars on both his hands and on his right leg. Because evidence, including plaintiff's own testimony, suggests that medical treatment could reduce the extent of scarring, plaintiff's scars cannot be said to be permanent as a matter of law. Compare *Jakubiec v Kumbier, supra,* 134 Mich App 777. Moreover, the photographic evidence in the record demonstrates that plaintiff's scars cannot be characterized as serious disfigurements.

Affirmed.