MEKLIR v BIGHAM

Docket No. 80928. Submitted April 18, 1985, at Detroit.—Decided June 26, 1985.

Plaintiff Rozanne Meklir, who was injured in an automobile accident, along with her husband, Jerome Meklir, brought an action against defendant, Harry J. Bigham, in the Oakland Circuit Court alleging serious impairment of body function and loss of consortium respectively. The circuit court, John N. O'Brien, J., upon a motion by defendant, granted summary judgment against both plaintiffs, holding that, as a matter of law, plaintiff Rozanne Meklir did not sustain a serious impairment of body function and was barred from bringing a tort action to recover for noneconomic damages. Plaintiffs appealed as of right. *Held:*

1. Defendant's failure to file an affidavit, based on personal knowledge, in support of his motion for summary judgment did not make his motion procedurally defective.

2. There was no factual dispute as to the nature and extent of plaintiff's injuries. Therefore, the question of whether plaintiff's injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic losses was for the trial court to decide.

3. The ability to move one's back, neck and hand are important body functions. However, none of plaintiff's impairments were serious nor did they significantly alter her lifestyle. The circuit court properly granted summary judgment.

4. Plaintiffs' appeal was not frivolous or vexatious. Therefore, defendant was not entitled to an award for attorney fees and costs.

Affirmed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 25, 35, 348-350, 357-366.

Am Jur 2d, Summary Judgment §§ 1, 2, 18, 27.

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile coverage. 33 ALR4th 767.

See also the annotations in the ALR3d/4th Quick Index under Affidavits; Summary Judgment.

1. JUDGMENTS — SUMMARY JUDGMENT — AFFIDAVITS — COURT RULES.

The fact that an affidavit filed in support of a motion for summary judgment on the ground that there is no genuine issue of material fact is not made on personal knowledge does not necessarily render the affidavit procedurally defective or the grant of summary judgment an error requiring reversal where the affidavit is supplemented by depositions or answers to interrogatories (GCR 1963, 116.4, 116.6, 117.2[3]).

2. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

3. INSURANCE — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

A serious impairment of body function under the no-fault act is to be measured by an objective standard which looks to the effect of an injury on a person's general ability to live a normal life; so viewed, an injury, to meet the threshold, must impair an important body function (MCL 500.3135; MSA 24.13135).

*Meklir, Schreir, Nolish & Friedman, P.C.* (by *Samuel A. Meklir),* for plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker* (by *Steven P. Iamarino* and *William J. Brickley),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BEASLEY and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(3).

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

Plaintiff Rozanne Meklir was injured when the vehicle she was riding in was struck in the rear by defendant's automobile. The trial court held as a matter of law that plaintiff Rozanne Meklir, although injured in the accident, had not sustained a serious impairment of body function and was barred from bringing an action in tort to recover for noneconomic damages under the no-fault act, MCL 500.3135; MSA 24.13135. Rozanne's husband alleged loss of consortium. As his claim is dependent upon that of his wife summary judgment was entered on his claim as well. Unless otherwise noted, "plaintiff" will refer only to Rozanne.

On appeal plaintiff contends that the trial court erred in its grant of summary judgment as there were genuine issues of material fact and the affidavit filed in support of the motion was procedurally defective. Plaintiff also alleges that as a matter of law she did sustain a serious impairment of bodily function. Defendant asks us to award him costs and attorney fees as he argues that this is a frivolous and vexatious appeal.

Plaintiff's argument that the motion for summary judgment was procedurally defective is without merit. This precise issue was disposed of in *Jakubiec v Kumbier,* 134 Mich App 773, 775-776; 351 NW2d 865 (1984), and *Brooks v Reed,* 93 Mich App 166, 174-175; 286 NW2d 81 (1979). Accordingly, we find no reversible error in defendant's failure to file an affidavit based on personal knowledge.

Plaintiff contends that the trial court erred in finding that her injuries were not a serious impairment of a body function. She first argues that there was a factual dispute, which would make the extent of her injuries a question for the jury and the grant of summary judgment improper. To support her claim of a factual dispute, plaintiff

points out the affidavit from one of her doctors who stated that her injuries were serious impairments of bodily function. However, these statements are legal conclusions, not facts. Additionally, plaintiff attempts to present a genuine issue of material fact by pointing out discrepancies between her affidavit and her deposition.

In her affidavit she alleged that her activities were severely curtailed due to her pain, while in her deposition she stated that she only had to slow her activities down due to her pain. The discrepancy plaintiff is relying upon regards the amount of pain she is suffering. However, her pain is not a factor material to her recovery.

"We also note the *Cassidy* Court's determination of the legislative intent to predicate recovery on objectively manifested injuries, not on pain and suffering. *Cassidy, supra,* p 505." *Jakubiec, supra,* p 777.

The actual injuries were not disputed.

"[G]iving the benefit of every reasonable doubt to the party opposing the motion and [we are] satisfied that it is impossible for the claim to be supported at trial because of some deficiency which could not be overcome." *Feldman v Green,* 138 Mich App 360, 367; 360 NW2d 881 (1984).

As there was no factual dispute, this was a matter of law for the court to decide. *Cassidy v McGovern,* 415 Mich 483, 488; 330 NW2d 22 (1982).

Plaintiff is barred from bringing this suit under the no-fault act unless she can meet the threshold requirements of proving a serious impairment of an important bodily function. *Cassidy, supra,* pp 504-505. These requirements are stated in *Williams v Payne,* 131 Mich App 403, 409; 346 NW2d 564 (1984).

"First, 'impairment of body function' actually means 'impairment of *important* body functions'. *Cassidy v McGovern,* 415 Mich 504. Second, by its own terms, the statute requires that any impairment be 'serious'. MCL 500.3135(1); MSA 24.13135(1); *McKendrick v Petrucci,* 71 Mich App 200, 210; 247 NW2d 349 (1976). Third, the section applies only to 'objectively manifested injuries'. *Cassidy v McGovern,* 415 Mich 505."

Plaintiff claims that she suffered injuries to her neck, lower back and left hand. We do not doubt that the ability to move one's back is an important body function. *Argenta v Shahna,* 135 Mich App 477, 489; 354 NW2d 796 (1984). We would also agree that movement of one's neck and hand are also important body functions. However, we do not find any impairment of plaintiff's to be serious. Seriousness is judged by the effect of the injury on a person's ability to lead a normal life. *Cassidy, supra,* p 505.

Even if we were to hold that the medical findings of muscle spasm, tenderness and limitations upon the flexibility of her muscles were objective manifestations of her injuries, it does not appear that her lifestyle has been significantly altered. *Flemings v Jenkins,* 138 Mich App 788, 790; 360 NW2d 298 (1984). Plaintiff is still able to engage in her nomal activities and is not incapacitated by her discomfort. *McDonald v Oberlin,* 127 Mich App 73, 76; 338 NW2d 725 (1983). While plaintiff experiences difficulties in her daily life, *i.e.,* inability to play cards for long periods of time, difficulty in cooking and a reduction in her social life, we do not find that such difficulties interfere in any significant manner with plaintiff's lifestyle. *Guerrero v Schoolmeester,* 135 Mich App 742, 751; 356 NW2d 251 (1984), and *Branden v Lee,* 133 Mich App 215; 358 NW2d 63 (1984). Accordingly, we find no error in granting summary judgment for defendant.

We do not find this appeal to be frivolous or vexatious and we decline to award defendant attorney fees and costs under MCL 600.2445; MSA 27A.2445.

Affirmed. Cost to appellee.