NELSON v MYERS

Docket No. 74214. Submitted August 15, 1984, at Lansing.—Decided October 21, 1985.

Plaintiff, Kim M. Nelson, brought an action against defendant, Gerald D. Myers, for damages for an injury received in an automobile collision. Plaintiff's injury resulted in a facial scar approximately 3 centimeters long beneath her left eye. The Genesee Circuit Court, Judith A. Fullerton, J., found as a matter of law that the scar did not constitute a permanent serious disfigurement and granted summary judgment in favor of defendant. Plaintiff appealed. *Held:*

1. Whether a disfigurement amounts to a permanent serious disfigurement depends on its physical characteristics rather than its effect on the plaintiff's ability to live a normal life. There is no factual dispute that the plaintiff's scar is permanent. However, in terms of its physical characteristics, it is not serious.

2. Plaintiff's argument that the threshold determination of whether an injury is a serious permanent disfigurement should not be left to the trial court is without merit.

Affirmed.

Cynar, P.J., would hold that the plaintiff did satisfy the threshold question of the existence of a permanent serious disfigurement and that, therefore, a factual question remains as to the seriousness of the disfigurement. He would reverse.

Automobiles — No-Fault Act — Disfigurement.

The threshold question of the existence of a serious impairment of body function is a question of statutory construction to be resolved by the court as a matter of law where there is no factual dispute as to the nature and extent of a plaintiff's injuries; in the case of disfigurement, whether an injury amounts to a permanent serious disfigurement depends upon

References for Points in Headnote

Am Jur 2d, Automobile Insurance §§ 348-350.

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

its physical characteristics rather than its effect on the plaintiff's ability to live a normal life.

*Hoy & Lostracco* (by *Gerald D. Lostracco)*, for plaintiff.

*Thomas C. Wimsatt,* for defendant.

Before: CYNAR, P.J., and WAHLS and S. T. FINCH,* JJ.

S. T. FINCH, J. This case comes to this Court as an appeal from a grant of summary judgment against plaintiff on her third-party claim against defendant arising out of an automobile accident under the Michigan no-fault act, MCL 500.3135; MSA 24.13135. The trial judge dismissed plaintiff's case, finding as a matter of law that plaintiff's facial scar did not constitute a permanent serious disfigurement. Plaintiff appeals, arguing that it does constitute a permanent serious disfigurement or that, at the least, there is a fact question as to its seriousness, and that the threshold determination in disfigurement cases cannot and should not be left to the trial bench.

Presented for this Court's factual review were the transcript of the hearing on the motion, the motion papers and supporting documents, and two photographs which were made a part of the record by the trial judge.

In *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982), the Michigan Supreme Court held that, where there is no material factual dispute as to the nature and extent of a plaintiff's injuries, the threshold question of the existence of a serious impairment of body function is a question of statutory construction to be resolved by the court as a matter of law.

* Circuit judge, sitting on the Court of Appeals by assignment.

In *Kosack v Moore,* 144 Mich App 485; 375 NW2d 742 (1985), this Court extended the reasoning of *Cassidy* to resolving questions of permanent serious disfigurement, and said:

"Whether an injury amounts to a permanent serious disfigurement depends on its physical characteristics rather than its effect on the plaintiff's ability to live a normal life." *Kosack, supra,* p 491.

Using this standard, and reviewing the record and the photographs, we are unable to say that the physical characteristics of the scar under plaintiff's left eye[1] either constitute a permanent serious disfigurement or create any fact issue on the question. There is no doubt that the scar is a permanent disfigurement, according to the proofs presented. However, there is likewise no doubt that, in terms of its physical characteristics, it is not serious.[2] Plaintiff's embarrassment and sensitivity about her appearance, including her reluctance to wear contact lenses and her choice of eyeglass frames, are all *subjective* reactions to a condition which may (and must) be *objectively* judged by the trial court, just as are complaints of pain and discomfort in a serious impairment case. There well may be cases involving scars where the call is not so clear, and where the trial court should leave a marginal question to the jury, but this is not one of them.

Plaintiff expresses a policy fear that leaving these sorts of evaluations to the overburdened trial courts will result in injustices, since they may

[1] The scar is approximately three centimeters long, is slightly depressed and slightly lighter than the surrounding skin.

[2] We do not believe that the seriousness of a scar is susceptible of being proved or disproved by medical expertise, but rather is a matter of the common knowledge and experience of the trial bench in the first instance and, if the case goes to it, the jury.

dismiss cases just to get them off the docket, even where there is a genuine question as to the seriousness of the disfigurement. We cannot impute this lack of principle to the trial bench.[3] The policy of the no-fault law is to remove cases of lesser injuries from the court system. The instant case is the sort of case which the trial bench must review and decide in order to carry out this policy. This the court did, and we see no error in its determination.

Affirmed.

WAHLS, J., concurred.

CYNAR, P.J. *(dissenting)*. In my opinion, based on the record before us, the plaintiff did satisfy the threshold question of the existence of permanent serious disfigurement. Having done so, there is a fact question to determine the seriousness of the disfigurement.

I would reverse.

---

[3] We note that, even if we did think so little of the trial bench as to accept this premise, the same danger exists in serious impairment cases. There is some inherent contradiction in terming any human opinion, judicial or otherwise "objective". Of the three no-fault threshold criteria, even death is arguable, as we see in the medical-legal dilemma over "removing life support". However, just as the medical profession must set its own standards and make hard decisions on a case-by-case basis, so must we.