PETAJA v GUCK

Docket No. 106973. Submitted May 11, 1989, at Grand Rapids. Decided July 18, 1989.

Wendy Lee Petaja, by her next friend, Arthur Petaja, brought an action in the Houghton Circuit Court against Margaret Ann Guck seeking recovery for noneconomic damages under the no-fault automobile insurance act for alleged permanent serious disfigurement resulting from an automobile accident. The trial court, Stephen D. Condon, J., granted defendant's motion for summary disposition on the basis that plaintiff's injury did not constitute a permanent serious disfigurement. Plaintiff appealed.

The Court of Appeals *held:*

The trial court did not err in granting summary disposition in favor of defendant. Plaintiff's "hardly discernible" scar is not the type of injury for which the Legislature intended to allow recovery when it established the threshold of permanent serious disfigurement.

Affirmed.

INSURANCE — NO-FAULT — PERMANENT SERIOUS DISFIGUREMENT.

The question whether the plaintiff suffered a permanent serious disfigurement under the no-fault act must be submitted to the trier of fact whenever the evidence, viewed in the light most favorable to the nonmoving party, is such that reasonable minds could differ on whether the plaintiff received a permanent serious disfigurement (MCL 500.3135; MSA 24.13135).

*Wisti & Jaaskelainen, P.C. (by Andrew H. Wisti),* for plaintiff.

*Nancy L. Bosh,* for defendant.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767

Before: HOLBROOK, JR., P.J., and SAWYER and NEFF, JJ.

PER CURIAM. Plaintiff seeks recovery for noneconomic damages under Michigan's no-fault automobile insurance act, MCL 500.3135; MSA 24.13135, for alleged permanent serious disfigurement. Plaintiff appeals as of right from an order granting summary disposition to defendant pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff contends that the trial court erred in granting defendant's motion for summary disposition on the basis that plaintiff's injury did not constitute a permanent serious disfigurement. We disagree.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988).

The party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. *Dumas, supra.* The nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 876 (1988). Giving the benefit of reasonable doubt to the nonmovant, the court must determine whether a record might be developed which would leave open an issue upon which reasonable minds could differ. *Dumas, supra.* All inferences are to be drawn in favor of the nonmovant. *Dagen v Hastings Mutual Ins Co,* 166 Mich App 225, 229; 420 NW2d 111 (1987), lv den 430 Mich 887 (1988).

Before judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Peterfish v Frantz,* 168 Mich App 43, 48-49; 424 NW2d 25 (1988).

Under *DiFranco v Pickard,* 427 Mich 32, 69; 398 NW2d 896 (1986), the question whether the plaintiff suffered a serious impairment of body function must be submitted to the trier of fact whenever the evidence, viewed in the light most favorable to the nonmoving party, is such that reasonable minds could differ on whether the plaintiff's injuries constituted a serious impairment of body function, even if there is no material factual dispute as to the nature and extent of the plaintiff's injuries. *Beasley v Washington,* 169 Mich App 650, 659; 427 NW2d 177 (1988).

While *DiFranco* does not directly address the alternative threshold of permanent serious disfigurement, we believe that its comments on the term "serious" are generally applicable to cases involving permanent serious disfigurement. Under *DiFranco,* "serious" is a jury question except in the most extreme cases. *Owens v Detroit,* 163 Mich App 134, 139, 141; 413 NW2d 679 (1987).

The trial court here found that reasonable minds could not differ as to whether plaintiff suffered a permanent serious disfigurement. In finding for defendant, the trial judge noted that he observed a small, hardly discernible tissue scar immediately below plaintiff's lip. The trial judge found that plaintiff's injury did not meet the threshold requirement under the no-fault act.

After reviewing the lower court record, including the photographs of plaintiff, plaintiff's deposition testimony, and plaintiff's testimony at the hearing on defendant's motion for summary disposition, we are convinced that, under the facts of

this case, the trial court did not err in granting summary disposition in favor of defendant. We do not believe that plaintiff's "hardly discernible" scar is the type of injury for which the Legislature intended to allow recovery when it established the threshold of permanent serious disfigurement.

Affirmed.