## Walsh v. Phillips

C.P. of Bucks County, no. 95-01453-16-2.

*J. Davy Yockey, Randall C. Flager* and *Steven M. Koloski,* for plaintiffs Michael P. and Veronica Ann Walsh.

*Stephen A. Corr,* for defendants Richard A. and R.A. Phillips.

*James T. Moughan,* for defendant Veronica Ann Walsh.

McANDREWS, *J.*, July 24, 1997—This matter is before the court on the plaintiffs' motion for post-trial relief pursuant to Pa.R.A.P. 227.1. This court granted defendants' motion for summary judgment on March 19, 1997.

The case involves a claim for personal injury arising out of a motor vehicle collision on February 26, 1993. The matter was called for trial on March 19, 1997. At a conference immediately prior to trial, defense counsel raised the issue of whether plaintiff Michael P. Walsh was entitled to seek noneconomic damages, since it was agreed that plaintiff had elected the limited tort option. The issue had been raised in a motion for summary judgment which remained outstanding at the time of trial.

Liability in this case is not disputed. Plaintiff Michael P. Walsh was a passenger in a motor vehicle operated by plaintiff Veronica Ann Walsh. The vehicle collided with a vehicle operated by defendant, Richard A. Phillips, causing plaintiff Michael P. Walsh to suffer lacerations about the face.

The facts relating to the injury were also undisputed. The plaintiff suffered lacerations to his right eyelid, temple, and forehead, requiring sutures and surgery. According to his plastic surgeon, the laceration to the right temple area was approximately 7 cm; the forehead, 3.5 cm; and the right upper eyelid, 2.5 cm. The plastic surgeon described the scars as permanent.

It was also agreed that at the time of the collision, the plaintiffs were insured under the limited tort option provided for by the Pennsylvania Motor Vehicle Financial Responsibility Law. In exchange for lowered premiums, individuals who make the limited tort election may not recover for noneconomic losses such as pain and suffering except upon a showing of "serious injury." 75 Pa.C.S. §1705. The PMVFRL defines "serious injury" as "[a] personal injury resulting in death,

serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702. In the instant case, the plaintiff alleges that he suffered permanent serious disfigurement as a result of the collision, and thus, has made a showing of "serious injury" and is entitled to seek noneconomic recovery.

Prior to trial, defendants filed a motion for summary judgment contending that the Superior Court's decision in *Dodson v. Elvey*, 445 Pa. Super. 479, 665 A.2d 1223 (1995), mandated that the trial court make a threshold determination, as a matter of law, with respect to whether the plaintiff suffered a serious injury.

The *Dodson* case established the appropriate procedural standard in Pennsylvania for determining whether, as a matter of law, the plaintiff who has selected the limited tort option has suffered serious injury. Under *Dodson*, "the court must determine initially, (1) whether the plaintiff as moving party has established that he or she has suffered serious impairment of a body function; (2) whether the defense as moving party has established that plaintiff has not suffered serious impairment of a body function; or (3) whether there remains a genuine issue of material fact for the jury to decide." *Id.* at 494, 665 A.2d at 1231. Although the issue before the *Dodson* court was whether the plaintiff suffered "serious impairment of a bodily function," the court specifically noted that the procedure outlined would apply to the statutory standard involving "permanent serious disfigurement" as well. *Id.* at 484, 665 A.2d at 1226.

In order for the court to make this determination, it was necessary for the court to closely examine the plaintiff's face to ascertain whether the scars rose to the level of serious permanent disfigurement. This was done in open court prior to trial. The court concluded that the scars were hardly discernible.

In the court's view, there was no evidence that plaintiff suffered permanent serious disfigurement as intended by the legislature when enacting the PMVFRL. In such a case, the appearance of the plaintiff furnishes the best evidence of permanent and serious disfigurement. At the time of the court's observation, the scars had well healed over the four years since the accident. After twice closely examining the plaintiff, this court was barely able to discern the scars about which plaintiff complained. Thus, because plaintiff failed to adduce either sufficient evidence to establish he had, indeed, suffered permanent serious injury in the form of permanent serious disfigurement, the court granted defendants' motion for summary judgment and dismissed the case.

Plaintiff contends the *Dodson* case stands for the proposition that *any* evidence the plaintiff introduces is sufficient to raise a material issue of fact such that the case must go to a jury. Were that the situation, the trial judge's role in making a threshold determination would be eviscerated, because every plaintiff can introduce some evidence to bolster his or her case. Instead, *Dodson* mandates that the trial judge examine the evidence presented, and make a determination whether that evidence is sufficient, as a matter of law, to raise a material issue of fact for a jury to decide. In fact, in *Dodson*, the plaintiff presented evidence including an affidavit with two supporting medical reports and his own deposition testimony, which the court found insufficient to raise a triable issue of fact with respect to whether the plaintiff sustained serious injury. *Id.* at 487, 665 A.2d at 1227.

This case appears to present an issue of first impression under Pennsylvania law. Under the holding in *Murray v. McCann*, 442 Pa. Super. 30, 36, 658 A.2d

404, 407 (1995) (holding that because Pennsylvania modeled the MVFRL on Michigan law, the trial court could properly turn to Michigan's body of case law for guidance) the court reviewed Michigan case law for guidance. For example, in *Petaja v. Guck*, 178 Mich. App. 577, 444 N.W.2d 209-210 (1989), the trial court granted the defendant's motion for summary judgment, noting that he observed only a "small, hardly discernible tissue scar immediately below the plaintiff's lip." The appellate court upheld that determination, holding that a "hardly discernible" scar is not the type of injury for which the legislature intended to allow recovery when it established the threshold of permanent serious disfigurement. *Id.*, 444 N.W.2d at 210. In *Nelson v. Myers*, 146 Mich. App. 444, 381 N.W.2d 407-408 (1983), the court observed that the seriousness of a scar is a matter of common knowledge and experience of the trial bench, at least initially. The court, in fact, held that this is precisely the sort of case which the trial bench must review and initially decide in order to further the legislative policy of removing cases of lesser injuries from the court systems. Likewise, the Pennsylvania Legislature enacted the PMVFRL in an effort to reduce litigation and the costs of insurance. *Dodson, supra* at 494, 665 A.2d at 1231.

Plaintiff's complaint that the trial court made a sua sponte determination on the threshold issue is without merit. Prior to trial, the defendant had filed a motion for summary judgment on precisely the issue the court determined. Thus, under *Dodson*, the issue had been raised by a pretrial motion.

Finally, contrary to plaintiff's assertion, the court did consider all relevant evidence in making the determination that, as a matter of law, the plaintiff could not pass the legislative threshold and establish permanent serious disfigurement. The best evidence with respect

to permanent serious disfigurement is the appearance of the plaintiff. Photographs taken shortly after the accident cannot establish the seriousness, nor the permanency. Four years have passed since the accident and it is clear from the appearance of plaintiff that the lacerations have healed, and no serious disfigurement resulted. Plaintiff fails to pass the threshold for permanent serious disfigurement. See *Nelson v. Myers, supra* (upholding trial court's determination that plaintiff's permanent scar failed to constitute a permanent serious disfigurement). Likewise, the plaintiff's subjective complaint that he experienced some "stinging" in one scar fails to establish serious injury. *Dodson, supra* at 501, 665 A.2d at 1235 (finding subjective complaints of pain insufficient to establish serious injury where the record showed no interference with plaintiff's daily activities).

Finally, plaintiff contends his scars become more pronounced in the summer when his skin sunburns. Plaintiff provided no evidence to substantiate that contention. Moreover, such a result would appear to be easily remedied by taking rudimentary and commonplace precautions such as applying sunscreen. *Kanaziz v. Rounds,* 153 Mich. App. 180, 395 N.W. 278, 281 (1986) (finding no serious injury where plaintiff suffered a small scar, considered permanent, which physician recommended be treated with sunscreen if exposed to prolonged sun exposure).

For the above stated reasons, the court enters the attached order denying plaintiffs' motion for post-trial relief.

## ORDER

And now, July 24, 1997, upon consideration of plaintiffs' motion for post-trial relief, the memorandum of law and responses thereto, it is hereby ordered and directed that said motion be and is hereby denied.